S. C. M. THOMAS v. THE STATE OF FLORIDA

30 So. (2nd) 921            January Term, 1947
May 2, 1947                    En Banc
Rehearing Denied May 29, 1947

*Scofield & Scofield, C. E. Armstrong, J. R. Bullock* and *James Whitehurst,* for appellant.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, and *J. W. Hunter,* State Attorney, for appellee.

BARNS, J.:

By Counts one and two it was charged in an indictment against the appellant-defendant that he as sheriff of Marion County "continuously from the 2nd day of January 1945 until the 15th day of December 1945" . . . "did then and there *knowingly, willfully* and *corruptly* permit one Harry Carta at divers times between the 2nd day of January 1945 and the 15th day of December 1945, in Marion County, Florida, to conduct a lottery for money, and did *knowingly, willfully* and *corruptly* protect the said Harry Carta from arrest for operating said lottery etc." The first count charged that the lottery was known as Cuba and the second Bolita. (Italics supplied).

By Count four of the indictment it was charged that the appellant-defendant as sheriff:

" . . . was commanded by a certain warrant issued by the Hon D. R. Smith, the duly qualified and acting County Judge of Marion County, Florida to arrest one Harry Carta on a charge of conducting a lottery and of having lottery tickets in his possession; and to bring him before said Court; that the said County Judge fixed a bond for the said Harry Carta in the sum of $15,000.00, that the said S. C. M. Thomas arrested the said Harry Carta on the 23rd day of August, 1945 under the authority of said warrant. That it was the duty of the said S. C. M. Thomas as sheriff to hold the said Harry Carta in custody, or secure a good and valid bond for his appearance. That the said S. C. M. Thomas as sheriff *wilfully* and *corruptly* released the said Harry Carta from custody without securing from him the aforesaid bond." (Italics supplied).

In reference to Counts one and two the evidence does tend to establish that Harry Carta did operate a lottery in Marion County at times during the year of 1945 but the proof of such

operation is not conclusive and falls far short of proof beyond a reasonable doubt as is required by proof in criminal cases. Furthermore, the proof that appellant "knowingly and willfully" protected Carta in bolita is still less and there is no proof of any "corruption" as charged in the indictment. Also, there is some secondary evidence that Carta had been charged with operating a lottery and had been acquitted.

In reference to Count four it is sufficiently established that after arrest that the steriff permitted Carta to go free for a few days after which he furnished the sheriff with a sufficient property bond. There is some controversy over whether or not a cash bond was supplied for the few days before giving the property bond, but for the purposes we will assume that no temporary cash bond was furnished. On this charge there is *no* proof of any kind establishing corruption as charged. By the constitutional requirements criminal charges must be established to the exclusion of and beyond a reasonable doubt.

Reversed.

TERRELL, BUFORD and ADAMS, JJ., concur.

THOMAS, C. J., and CHAPMAN, J., dissent.